IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) ) ) | Chapter 7 |
| ELLEN TRACY, LLC, | ) ) ) | Case No. 09-14994 (MG) |
| Debtor. | ) ) ) | |
| ALBERT TOGUT, as Chapter 7 Trustee of ELLEN TRACY, LLC, | ) ) ) ) | Adv. Proc. 11-02757 (MG) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| HILCO CONSUMER CAPITAL, L.P.; HILCO CONSUMER CAPITAL, LLC; CJ APPAREL GROUP, LLC; ETPH ACQUISITION, LLC; BRAND MATTER, LLC; WJ INVESTMENTS, LLC; FASHIONOLOGY GROUP, LLC; STUART JAMIESON; BARRY STERNLICHT; MATTHEW EBY; JAMES J. SALTER; JEFFREY B. HECKTMAN; KENNETH FINKELSTEIN; ISAAC BENITAH; KENNETH RAGLAND; MARVIN TRAUB; WILLIAM SWEEDLER; MARK MENDELSON; JAMES AMMEEN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' JOINT MOTION TO WITHDRAW THE REFERENCE**

Defendants ETPH Acquisition, LLC; Brand Matter, LLC; WJ Investments, LLC; Fashionology Group, LLC; CJ Apparel Group, LLC; Stuart Jamieson; Barry Sternlicht; Matthew Eby; James J. Salter; Jeffrey B. Hecktman; Kenneth Finkelstein; Isaac Benitah; Kenneth Ragland; Marvin Traub; William Sweedler; Mark Mendelson; and James Ammeen (collectively, the "Non-Hilco Defendants"), by and through their undersigned attorneys White & Case LLP, and Hilco Consumer Capital, L.P. ("Hilco") and Hilco Consumer Capital, LLC (collectively, the "Hilco Defendants"), by and through their undersigned attorneys DLA Piper LLP (US), submit this Joint Motion to Withdraw the Reference (the "Motion") with respect to the Complaint (the "Complaint" or "Compl.") filed by the Chapter 7 Trustee (the "Trustee") of Ellen Tracy, LLC (the "Debtor" or "Ellen Tracy") in the above-captioned adversary proceeding (the "Adversary Proceeding" or "Action").

**PRELIMINARY STATEMENT**

Defendants submit this Joint Motion to Withdraw the Reference, and request that this Court permit the United States Bankruptcy Court (the "Bankruptcy Court") to issue Proposed Findings of Fact and Conclusions of Law to the District Court in accordance with 28 U.S.C. § 157(c)(1) on Defendants' pending motions to dismiss the Trustee's Complaint.[1] This motion is necessitated by the recent opinion of the United States Supreme Court in Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594 (2011).

The Stern opinion addressed the limitations imposed on a bankruptcy court's ability to adjudicate matters reserved under the United States Constitution to Article III courts. In Stern, the U.S. Supreme Court held that Article III of the U.S. Constitution does not confer jurisdiction

---

[1] A copy of the Trustee's Complaint is attached as Exhibit A to the Declaration of Glenn M. Kurtz, dated January 12, 2012 (the "Kurtz Decl."). Copies of the (i) Memorandum of Law in Support of Non-Hilco Defendants' Motion to Dismiss the Complaint and (ii) Memorandum of Law of the Hilco Defendants in Support of Their Motion to Dismiss the Complaint are attached as Exhibits B and C to the Kurtz Decl.

upon an Article I bankruptcy court to render a final judgment on a claim, even if it is identified as a "core proceeding" under 28 U.S.C. § 157(b)(2), where, as here, the claim "is one at common law that simply attempts to augment the bankruptcy estate." 131 S. Ct. at 2616.[2]

The Complaint includes claims asserted by the Trustee against 19 entities and individuals in connection with the formation, financing and operation of the Debtor Ellen Tracy. The Trustee's claims, including claims of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, vicarious liability, and fraudulent transfers, fall outside of the scope of the final adjudicatory power of the Bankruptcy Court because the claims are quintessential common law causes of action brought to augment the bankruptcy estate and do not invoke rights that would arise only under title 11 or only in the context of a chapter 7 bankruptcy case.

Consistent with recent opinions in this Circuit, and in light of the Bankruptcy Court's familiarity with the legal issues in this case, Defendants consent to the Bankruptcy Court issuing Proposed Findings of Fact and Conclusions of Law to address the issues raised in their motions to dismiss. Courts have recognized the appropriateness and efficiencies of having the Bankruptcy Court address issues related to the bankruptcy case, particularly at preliminary stages, and then issuing Proposed Findings of Fact and Conclusions of Law. Defendants respectfully submit that this is the most appropriate and efficient course to follow here.

## BACKGROUND

The Debtor Ellen Tracy, a Delaware limited liability company, was forced into involuntary Chapter 7 bankruptcy by a petition filed in the Bankruptcy Court on or about August 14, 2009 by several East Asian suppliers/creditors. (Compl. ¶¶ 12, 19)

---

[2] In addition, the Supreme Court's holding in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 36, 56 (1989) expressly protects the Seventh Amendment right of individual Defendants to demand a jury trial, and the Bankruptcy Court is not empowered to hold jury trials without the express consent of all parties. Defendants' time to demand a jury trial has not yet run.

On October 6, 2009, Judge Arthur J. Gonzalez of the Bankruptcy Court entered an Order for Relief, and on October 7, 2009, Judge Gonzalez appointed Albert Togut as Ellen Tracy's Chapter 7 Interim Trustee. (Compl. ¶ 11) On December 12, 2011, the Ellen Tracy bankruptcy case "and all related adversary proceedings," including this one, were reassigned from Chief Judge Gonzalez to Judge Glenn.

On October 5, 2011, the Trustee commenced the Adversary Proceeding. Relying on the same nucleus of common factual allegations and legal theories, the Complaint asserts common law claims of breach of fiduciary duties against 16 out of 19 Defendants, aiding and abetting breach of fiduciary duty against one Defendant, two claims of fraudulent transfer against three Defendants, and a claim for equitable disallowance or subordination against one Defendant. Specifically:

- the First Cause of Action is brought against Defendant Hilco Consumer Capital, LLC for an allegedly fraudulent transfer transaction that purportedly occurred in 2008. (Compl. ¶¶ 214-26)

- the Second Cause of Action is brought against Defendants CJ Apparel Group, LLC ("CJAG") and Brand Matter, LLC ("Brand Matter") for an allegedly fraudulent transfer that purportedly occurred in 2008. (Compl. ¶¶ 227-42)

- the Third Cause of Action seeks to hold Defendant ETPH Acquisition, LLC ("ETPH"), a sole member of Defendant Fashionology Group, LLC ("Fashionology"), vicariously liable for any claims asserted against Fashionology in the Complaint. (Compl. ¶¶ 243-53)

- the Fourth and Fifth Causes of Action assert breach of fiduciary duty claims against eleven individual Defendants that sit on ETPH's Board of Representatives (hereinafter, the "ETPH Board") and against Fashionology, ETPH, Hilco, WJ Investments, LLC ("WJ") a Delaware company and a member of ETPH, and three of Ellen Tracy's alleged officers. (Compl. ¶¶ 254-71)

- the Sixth Cause of Action is brought against Brand Matter, alleging that it aided and abetted the purported breaches of fiduciary duties of other Defendants asserted in the Complaint. (Compl. ¶¶ 272-85)

3

- the Seventh Cause of Action seeks equitable disallowance or equitable subordination of "any claim or interest of Brand Matter in respect of [Ellen Tracy's] estate." (Compl. ¶¶ 286-92)

On January 6, 2012, the Non-Hilco Defendants and the Hilco Defendants each separately moved to dismiss the Complaint in the Adversary Proceeding. In their motions to dismiss, Defendants advised the Bankruptcy Court that they intended to file this Motion to Withdraw the Reference, and would ask the District Court to permit the Bankruptcy Court to issue Proposed Findings of Fact and Conclusions of Law as to such motions to dismiss. (Kurtz Decl. Ex. B at 1, n.1; Kurtz Decl. Ex. C, at 1, n.1)

## ARGUMENT

### I. The District Court Should Withdraw the Reference and Direct the Bankruptcy Court to Issue Proposed Findings of Fact and Conclusions of Law

#### A. The Standard to Withdraw

Article III, Section 1, of the United States Constitution mandates that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art III, § 1. Consistent with this Constitutional provision, district courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the District Court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges of the District. The Southern District of New York has a standing order in place that provides for automatic reference.

The District Court "may withdraw, in whole or in part," any case referred to the Bankruptcy Court "on its own motion or on timely motion of any party for cause shown." 28 U.S.C. § 157(d). Specifically, Section 157(d) authorizes and, in some circumstances, requires the District Court to withdraw the reference to the Bankruptcy Court. The statute provides:

> The district court may withdraw in whole or in part, any case or proceeding referred under this section on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Id. In considering whether to withdraw the reference, a district court must consider whether the claims in question are capable of resolution by the bankruptcy court or are claims that ultimately would have to be resolved by the district court. See Orion Picture Corp. v. Showtime Networks Inc., 4 F.3d 1095, 1101 (2d Cir. 1993); LTV Steel Co., Inc. v. City of Buffalo, No. 00-cv-9429, 2002 WL 484950, at *7 (S.D.N.Y. Mar. 29, 2002).

### B. The Claims Must Be Finally Adjudicated in the District Court

Prior to the United States Supreme Court's opinion in Stern, bankruptcy courts routinely entered final rulings in cases designated by statute as "core" proceedings. A "core" claim is one "that involves rights created by bankruptcy law, or that could arise only in a bankruptcy case." LTV Steel, 2002 WL 484950, at *7 (citation omitted). In contrast, a non-core claim is one that "does not depend on the bankruptcy laws for its existence and which could proceed in a court that lacks federal bankruptcy jurisdiction." Id. (citation omitted). With respect to non-core claims "related to" bankruptcy cases, bankruptcy courts could only issue a report and recommendation, which was subject to de novo review by the district court. 28 U.SC. § 157(c)(1).

On June 23, 2011, the Supreme Court issued its opinion in Stern, clarifying the Constitutional limitations on the adjudicatory powers of the bankruptcy court. Stern involved a bankruptcy court's authority to hear and finally determine a debtor's common-law counterclaim to a proof of claim filed against the bankruptcy estate. 131 S. Ct. at 2600. The decision is

5

significant because it recognizes that even though the bankruptcy court may have statutory authority to adjudicate claims, it may lack power under the U.S. Constitution to issue a final adjudication on claims preserved for Article III courts. Stern, 131 S. Ct. at 2608.

The Stern Court recognized an exception to the limitations imposed on Article I courts for claims involving "public rights," meaning "the claim at issue derives from a federal regulatory scheme, or in which resolution of the claim by an expert government agency is deemed essential to a limited regulatory objective within the agency's authority." Id. at 2613. In contrast, the Court described claims involving private rights: "[w]hen a suit is made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,' and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III courts." Id. at 2609. Thus, the Court held that the bankruptcy court entering a judgment with respect to the claimant's proof of claim would have constituted an impermissible exercise of the judicial power of the United States by a non-Article III tribunal. Id. at 2620. The decision was reached even though the relevant statute expressly authorized the bankruptcy court to hear all "core" proceedings and the counterclaim constituted a "core" proceeding. Id. at 2605.

Stern relied extensively on the Supreme Court's prior opinion in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S. Ct. 2782 (1989), which addressed the limitations on an Article I court to finally adjudicate a fraudulent conveyance claim. The question presented in Granfinanciera was "whether a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer." 492 U.S. at 36. The Court held that the Seventh Amendment in these circumstances entitles an individual to a trial by jury, notwithstanding Congress's designation of fraudulent conveyance actions as "core" proceedings. Id. at 65. As stated in that

6

case, "[t]here can be little doubt that fraudulent conveyance actions by trustees . . . are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a *pro rata* share of the bankruptcy *res*." Id. at 56. Thus, the Court concluded that fraudulent conveyance actions are "more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions." Id. at 55.

Further, the Supreme Court in Stern held that where a claim, though ostensibly a "core proceeding" under 28 U.S.C. § 157(b)(2), is essentially "one at common law that simply attempts to augment the bankruptcy estate" and would not "necessarily be resolved in the claims allowance process," Article III of the U.S. Constitution prevents a bankruptcy court from rendering a final judgment on that claim. See 131 S. Ct. at 2616, 2618 (emphasis added). Stern also rejected the contention that a party filing a proof of claim in a bankruptcy proceeding somehow subjects itself to the exclusive jurisdiction of the bankruptcy court on any state law claims subsequently filed against it by the Debtor or its representative. See id. at 2616 ("[I]t is hard to see why Pierce's decision to file a [proof of] claim should make any difference with respect to the characterization of Vickie's counterclaim.").

### 1. The Reference Should Be Withdrawn As to the Fraudulent Transfer Claims (First and Second Causes of Action)

Courts in this district have recognized the limitations imposed by Stern and Granfinanciera in concluding that the bankruptcy court lacks jurisdiction to render a final adjudication of a fraudulent conveyance claim. For example, in Retired Partners of Coudert Bros. Trust v. Baker & McKenzie LLP, App. Case No. 11-2785, 2011 WL 5593147 (S.D.N.Y. Sept. 23, 2011), Judge McMahon addressed claims alleging that a law firm's partners, anticipating bankruptcy, sought to avoid their obligations to the retired partners, who were

creditors of the firm, by transferring assets to other firms for less than fair consideration. 2011 WL 5593147, at *8. The Court recognized that, "[h]owever labeled, this appears to be a quintessential fraudulent conveyance claim." Id. Judge McMahon went on to conclude that the claims "involve private rather than public rights, and so cannot be finally determined by the Bankruptcy Judge." Id. at *9. The Court then went on to state, "Judge Drain dismissed with prejudice – finally and as a matter of law – claims that the Trust asserted under state law against another private party. Under Marathon [Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S. Ct. 2858 (1982)] and Stern he lacked the power to do so; his rationale for doing so cannot change that dispositive fact." Id.

Accordingly, the fraudulent conveyance claims asserted here should be treated as non-core because they are no different than claims at common law that resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate—claims on which only an Article III court can render a final judgment. Stern, 131 S. Ct. at 2614 (stating that "fraudulent conveyance suits [are] 'quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.'") (quoting Granfinanciera, 492 U.S. at 56 (addressing fraudulent transfer claims brought under 11 U.S.C. §§ 548 and 550, the very sections at issue here)). This is especially so when, as here, Plaintiff does not request equitable relief and seeks only monetary damages in an effort to augment the estate. Id. at 2616.

    **2.**    **The Reference Should Be Withdrawn As to the Breach of Fiduciary Duty and Related Claims (Third, Fourth, Fifth and Sixth Causes of Action)**

Courts applying the reasoning of the Stern opinion have recognized the lack of constitutional authority for bankruptcy courts to finally adjudicate claims for breach of fiduciary

8

duty and other claims involving private rights. For example, in In re BearingPoint, Inc., 453 B.R. 486 (Bankr. S.D.N.Y. 2011), the Trustee of a liquidating trust sought to be relieved from the plan of liquidation's requirement that any claims against the Debtor's former officers and directors be brought exclusively before the bankruptcy court. 453 B.R. at 488. The Trust sought to pursue breach of fiduciary duty claims against BearingPoint's former chief executive officer and directors. Id. at 488-89. Bankruptcy Judge Gerber recognized that the fiduciary duty claims were not "core" claims and the Court would not be authorized to enter final judgment. See id. at 488;[3] see also In re S.W. Bach & Co., 425 B.R. 78, 95 (Bankr. S.D.N.Y. 2010) (holding that a claim for aiding and abetting breach of fiduciary duty is non-core); Mirant Corp. v. The Southern Co., 337 B.R. 107, 117-18 (N.D. Tex. 2006) (finding that an aiding and abetting breach of fiduciary claim against a former corporate parent was non-core because it was a "claim[] that could proceed in another court even in the absence of bankruptcy," and was "based on a state-created right") (internal citations omitted).

Notwithstanding the Trustee's conclusory allegation that this Adversary Proceeding is "core" under various provisions of 28 U.S.C. § 157(b)(2), it is plain that the Trustee's four claims related to breach of fiduciary duty and vicarious liability are non-core. The claims seek only monetary relief and are the kind of claims that can be pursued even in the absence of bankruptcy. See In re BearingPoint, Inc., 453 B.R. at 488-89; Mirant, 337 B.R. at 117-18. Indeed, these claims (if they had been actionable) could have been brought some time in 2008, i.e., well before the August 2009 filing of the Chapter 7 petition. As such, the assertion of these claims against the Defendants is nothing more than an attempt by the Trustee to augment Ellen

---

[3] A district court has recently explained that although Judge Gerber was not ruling on a motion to withdraw the reference, his analysis in In re BearingPoint "is analogous to the permissive withdrawal inquiry." In re Extended Stay, Inc., No. 11-cv-5394, 2011 WL 5532258, at *6 (S.D.N.Y. Nov. 10, 2011).

9

Tracy's bankruptcy estate, and the Bankruptcy Court may not render a final adjudication of such claims.

### 3. The Reference Should Be Withdrawn As to the Equitable Disallowance or Subordination Claim (Seventh Cause of Action)

The Court should also withdraw the reference as to the Seventh Cause of Action that asserts a claim against Brand Matter that any claim or interest it has in the Debtor's estate "should be equitably disallowed or, in the alternative, subordinated pursuant to § 510(c) of the Bankruptcy Code and other applicable law." (Compl. ¶¶ 286-92)[4] The Seventh Cause of Action relies on the exact same nucleus of common factual allegations and legal theories as alleged to support the breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and fraudulent transfer claims, and does not introduce a single new factual allegation in support of the claim. (Id.) Where a district court has withdrawn the reference as to certain common law claims, and an equitable subordination claim shares common issues of disputed facts with such common law claims, courts have held it appropriate for the reference to be withdrawn as to the equitable subordination claim, so as to adjudicate all of the claims at once. See, e.g., Picard v. Katz, No. 11-cv-3605, 2011 WL 5873806, at *2 (S.D.N.Y. Nov. 23, 2011) (holding that "[w]here determination of legal claims occurs simultaneously with trial of the equitable claims, however, "[equitable] relief may be awarded by the district court after the jury has had an opportunity to consider plaintiffs' legal claims and any factual determinations common to plaintiffs' legal and equitable claims," and directing that "the Trustee's fraudulent transfer and equitable subordination claims may proceeds simultaneously" for adjudication before the district court); Mirant, 337 B.R. at 119-23 n. 17 (withdrawing the reference on breach of fiduciary duty and equitable subordination claims and recognizing that "a withdrawal of the reference of the

---

[4] Brand Matter is the only Defendant to have filed a proof of claim in the underlying bankruptcy proceeding.

adversary proceeding carries with it a withdrawal of the reference of all objections to [a defendant's] proofs of claim"); Torcise v. Cmty. Bank of Homestead, 131 B.R. 503, 508 (S.D. Fl. 1991) (withdrawing the reference in part with respect to the equitable subordination claim "because it may share common issues of fact with the fraudulent conveyance and preference claims," but allowing the bankruptcy court to determine all pretrial matters).

C.   **The Bankruptcy Court Should Issue Proposed Findings of Fact and Conclusions of Law on Defendants' Motions to Dismiss**

For purposes of the consideration of the current motion, 28 U.S.C. § 157(c)(1) provides that the Bankruptcy Court retains the authority to hear claims "related to" the underlying bankruptcy case and with respect to such claims may "submit proposed findings of fact and conclusions of law."  The Defendants acknowledge that the Trustee's claims are "related to" the underlying bankruptcy case.  Consistent with Section 157(a)(1), courts in this District have encouraged an efficient use of judicial resources by permitting the Bankruptcy Court to issue Proposed Findings of Fact and Conclusions of Law, which are then used to assist the District Court in conducting a de novo review of the issues.  This same approach was explicitly adopted by Judge McMahon in the Coudert Bros. case.  Specifically, the district court took a determination by the Bankruptcy Court with respect to fraudulent conveyance claims, and treated the Bankruptcy Court's rulings as a Report and Recommendation, subject to de novo review. Coudert Bros., 2011 WL 5593147, at *13 ("Having concluded that the Bankruptcy Court in this case could not finally determine the Claims, this Court should effectuate the scheme as far as possible by treating the "final" conclusions as recommendations, and subject them to *de novo* review."); see also Dev. Specialists, Inc. v. Orrick, Herrington & Sutcliffe, LLP, No. 11-cv-6337, 2011 WL 6780600, at *4 (S.D.N.Y. Dec. 23, 2011) (noting that a district court would be "foolish" in addressing a claim by a bankruptcy trustee against a non-creditor third party "not to

cede to the Bankruptcy Court the task of . . . preliminary determination (via Report and Recommendation) of dispositive motions.").

Consistent with such precedent, and given the Bankruptcy Court's familiarity with the legal issues in this case and the bankruptcy case, Defendants respectfully submit that the most appropriate and efficient course is to have the Bankruptcy Court issue Proposed Findings of Fact and Conclusions of Law to address the issues raised in Defendants' motions to dismiss.

## CONCLUSION

For all the foregoing reasons, the Defendants respectfully request that this Court enter an Order withdrawing the reference and directing the Bankruptcy Court to issue Proposed Findings of Fact and Conclusions of Law with respect to Defendants' pending motions to dismiss the Trustee's Complaint.

DATED:    New York, New York
          January 12, 2012

**WHITE & CASE LLP**

By: /s/ Glenn M. Kurtz
    Glenn M. Kurtz
    Robert E. Tiedemann
    1155 Avenue of the Americas
    New York, New York 10036-2787
    Telephone: (212) 819-8200
    Facsimile: (212) 354-8113

*Attorneys for Defendants CJ Apparel Group, LLC; ETPH Acquisition, LLC; Brand Matter, LLC; WJ Investments, LLC; Fashionology Group, LLC; Stuart Jamieson; Barry Sternlicht; Matthew Eby; James J. Salter; Jeffrey B. Hecktman; Kenneth Finkelstein; Isaac Benitah; Kenneth Ragland; Marvin Traub; William Sweedler; Mark Mendelson; and James Ammeen*

**DLA PIPER LLP (US)**

By: /s/ Timothy E. Hoeffner
    Gregg Galardi
    Timothy E. Hoeffner
    1251 Avenue of the Americas
    27th Floor
    New York, NY 10020-1104
    Telephone: (212) 335-4500

*Attorneys for Defendants Hilco Consumer Capital, L.P. and Hilco Consumer Capital, LLC*

Of Counsel:

K. Tyler O'Connell
DLA Piper LLP (US)
919 North Market Street, Suite 1500
Wilmington, DE 19801-3046
Telephone: (302) 468-5700