```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 12 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE ELLEN TRACY, LLC,

                Debtor,

ALBERT TOGUT, AS CHAPTER 7 TRUSTEE OF
ELLEN TRACY, LLC
                Plaintiff,

-v-

HILCO CONSUMER CAPITAL, L.P.; HILCO
CONSUMER CAPITAL, LLC; CJ APPAREL GROUP,
LLC; BRAND MATTER, LLC; WJ INVESTMENTS,
LLC; FASHIONOLOGY GROUP, LLC; STUART
JAMIESON; BARRY STERNLICHT; MATTHEW
EBY; JAMES J. SALTER; JEFFREY B. HECKTMAN;
KENNETH FINKELSTEIN; ISAAC BENITAH;
KENNETH RAGLAND; MARVIN TRAUB; WILLIAM
SWEEDLER; MARK MENDELSON; JAMES
AMMEEN,
                Defendants.

-------------------------------------------------------------X

12 Civ. 00311 (AJN)

Case No. 09-14994 (MG)

Chapter 7

Adv. Proc. 11-02757 (MG)

<u>ORDER</u>

ALISON J. NATHAN, District Judge:

Defendants in the above-captioned case move for withdrawal of the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). For the reasons discussed below, the motion to withdraw the reference is DENIED.

I. BACKGROUND

According to the Amended Complaint in this matter, this adversary proceeding "arises out of the self-dealing mismanagement that led to the bankruptcy of Debtor Ellen Tracy, LLC." (Am. Compl. at ¶ 1). This bankruptcy commenced via an involuntary Chapter 7 bankruptcy petition on or about August 14, 2009. (Am. Compl. ¶ 11; Mot. at 2; Opp. at 4-5). On October 5,

1

2011, Plaintiff commenced this adversary proceeding against Defendants by filing a Complaint in the United States Bankruptcy Court for the Southern District of New York. (Mot. at 3, Opp. at 3). Defendants now move to withdraw the reference to the Bankruptcy Court, a motion that plaintiff opposes. Defendants have filed motions to dismiss that are pending before the Bankruptcy Court. (Mot. at 1).

II. DISCUSSION

Pursuant to 28 U.S.C. §157(d), a party may move to withdraw the reference to the Bankruptcy Court "for cause." Although §157 does not define "cause," the Second Circuit has identified a number of factors (the "*Orion* factors") that should be considered by a Court when determining whether "cause" exists. *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2d Cir. 1993). These factors include (1) whether the claim or proceeding is core or non-core; (2) whether the claim or proceeding is legal or equitable; and (3) consideration of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law. *Id.*

Prior to the Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), the core/non-core distinction was a threshold inquiry because it was largely determinative of the other *Orion* factors. *In re Lyondell Chem. Co.*, 2012 WL 1038749, at *5 (S.D.N.Y. Mar. 29, 2012). However, in *Stern*, the Supreme Court held that even some core proceedings are outside a Bankruptcy Court's adjudicative authority. *See Stern*, 131 S.Ct. at 2608. Specifically, a Bankruptcy Court does not have final adjudicative authority (1) if the claim does not fall within the public rights exception, (2) if the claim would not necessarily be resolved on a creditor's proof of claim, or (3) if the parties did not unanimously consent to final adjudication by a non-Article III tribunal. *In re Lyondell*, 2012 WL 1038749, at *6 (citing *Stern*, 131 S.Ct. at 2614,

2

2608, 2618).

Thus, although courts still take into consideration the core/non-core distinction post-*Stern*, this inquiry no longer holds "a privileged position among the *Orion* factors." *Id.* at *5. Instead, courts should more generally consider the Bankruptcy Court's adjudicative authority, particularly in light of *Stern*. *Id.* The Court now turns to the *Orion* factors in light of *Stern*.

A. <u>The Bankruptcy Court's Adjudicative Authority</u>

Defendants' primary argument for withdrawal is that the Bankruptcy Court lacks final adjudicative authority over several of Plaintiffs' claims. Plaintiff asserts twelve claims in his Amended Complaint, including claims for fraudulent transfer pursuant to 11 U.S.C. § 548 (Claims 1 and 2); breach of fiduciary duty and aiding and abetting breach of fiduciary duty (Claims 3-10); equitable subordination (Claim 11); and violation of the automatic bankruptcy stay (Claim 12). Although Plaintiff's brief is not a model of clarity on this point, focusing on whether the claims are "core" or "non-core" rather than the *Stern* test, Plaintiff appears to concede that at least claims 3-7 and 9 are not finally adjudicable by the Bankruptcy Court. (Opp. at 12, 15 (characterizing these claims as "non-core" and arguing that "the adjudicating court should be the Bankruptcy Court for this Action, subject to review and entry of final judgment by this Court for non-core claims as the Referral Order provides.")).

Moreover, it appears that a number of Plaintiff's other claims, notwithstanding that they would be considered "core" under 28 U.S.C. § 157, may not be finally adjudicable by the Bankruptcy Court.[1] For example, Plaintiffs' fraudulent transfer claims would indeed have been regarded as "core" claims under 28 U.S.C. § 157(b)(2)(H). *See In re Extended Stay*, 466 B.R. 188, 205 (S.D.N.Y. 2011). However, in light of *Stern* they are nonetheless likely outside of the

---

[1] On the other hand, Defendants brief suggests they may believe at least some of Plaintiffs' claims may be finally adjudicated by the bankruptcy court, such as their equitable subordination claim. (Reply at 9).

3

Bankruptcy Court's final adjudicative authority. First, fraudulent conveyance claims are considered matters of private right, *see Granfinanciera v. Nordberg*, 492 U.S. 33, 43, 56 (1989), and therefore likely do not fall within the public rights exception under *Stern.* 131 S.Ct. at 2611. Second, Plaintiff has not presently argued that these claims would necessarily be resolved on a creditor's proof of claim. *See Stern*, 131 S.Ct. at 2616-18; (Opp. at 10). Finally, the parties have not both consented to final adjudication of these claims before the Bankruptcy Court. *In re Lyondell*, 2012 WL 1038749, at *6.

  B. Efficiency

The Bankruptcy Court's authority to enter final judgment on claims is not determinative in deciding whether to withdraw the reference. *Orion* also requires that the court take into account whether this matter is legal or equitable as well as considerations of "efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Orion*, 4 F.3d at 1101. In this case, efficiency considerations strongly counsel in favor of allowing the case to proceed before the Bankruptcy Court.

Most importantly, Defendants have no objection to the Bankruptcy Court issuing Proposed Findings of Fact and Conclusions of Law on the pending motions to dismiss the Plaintiff's Amended Complaint. (Mot. at 1). Moreover, Defendants acknowledge that, under this Court's standing order in bankruptcy cases, the Bankruptcy Court generally "shall . . . hear the proceeding and submit proposed findings of fact and conclusions of law to the district court" to the extent that the Bankruptcy Court cannot adjudicate the mater to a final decision under Article III of the Constitution. (Standing Order, Jan. 31, 2012; Reply at 4).

The Court does not see any substantial efficiency gained by withdrawing the reference at this stage. Indeed, Defendants' argument that it would be inefficient for the Bankruptcy Court to

4

retain this case for the time being is that it could require some duplication of effort for this Court to conduct a *de novo* review of the Bankruptcy Court's decisions on matters which that court may not finally adjudicate, and that "this Court will still need to review [any claims that can be finally adjudicated by the Bankruptcy Court] on appeal." (Reply at 8). But this is exactly the process that results from Defendants' request that the Bankruptcy Court address their motion to dismiss and issue proposed findings. *See In re Lyondell*, 2012 WL 1038749, at *11 (S.D.N.Y. Mar. 29, 2012). Moreover, Defendants have conceded that "[c]ourts have recognized the appropriateness and efficiencies of having the Bankruptcy Court address issues related to the bankruptcy case, particularly at the preliminary stages, and then issuing Proposed Findings of Fact and Conclusions of Law" and submit that this is "the most appropriate and efficient course to follow here." (Mot. at 1).

In addition, it appears there may be substantial efficiency gains by having this matter proceed, at least preliminarily, before the Bankruptcy Court. In addition to that court's expertise in bankruptcy matters, once it has ruled on or issued proposed findings for Defendants' motions, it will have substantial familiarity with this case, a point that Defendants do not appear to dispute. (Mot. at 12 ("[G]iven the Bankruptcy Court's familiarity with the legal issues in this case and the bankruptcy case, Defendants submit that the most appropriate and efficient course is to have the Bankruptcy Court issue Proposed Findings of Fact and Conclusions of Law . . . .") Moreover, Plaintiff points out that this case is related to a number of other proceedings pending before the Bankruptcy Court that may have common factual and legal questions pertinent to this matter. (Opp. at 14); *see, e.g., In re Extended Stay, Inc.*, 466 B.R. at 206-07.

In fact, because Defendants advocate that this case remain before the Bankruptcy Court for purposes of deciding the motions to dismiss, Defendants' request to withdraw the reference is

5

more accurately viewed merely as a request that this Court, rather than the Bankruptcy Court, determine in the first instance which of Plaintiff's claims may be finally adjudicated by that Court. (Reply at 8-9). The Court does not believe it is necessarily more efficient for this Court, rather than the specialized Bankruptcy Court, to consider at the outset whether each and every one of Plaintiffs claims can be finally adjudicated by the Bankruptcy Court. The Court does not see any substantial efficiency gained at this stage by determining, with respect to each and every claim, whether the Court has final adjudicative authority.

Several decisions by courts in this district have not resolved at the outset the question of which claims can be finally adjudicated by the Bankruptcy Court, leaving this question to be addressed by the Bankruptcy Court in the first instance. *See In re Quebecor World (USA)*, No. 12-cv-00888 (S.D.N.Y. filed July 6, 2012); *In re Extended Stay, Inc.*, 466 B.R. at 207; *In re Lyondell*, 2012 WL 1038749, at *9. The Court believes a similar approach is appropriate here.

### C. Legal v. Equitable, Forum Shopping, Uniformity of Bankruptcy Administration

The other *Orion* factors do not weigh in favor withdrawal of the reference at this time—indeed, neither side has addressed these factors in substantial detail. Plaintiff does note, correctly, that there are interests in the uniformity of bankruptcy administration served by maintaining this case before the bankruptcy judge. (Opp. at 13); *See, e.g.*, *In re Extended Stay, Inc.*, 466 B.R. at 207 (uniformity interests served by refusing to withdraw the case due to the thorough familiarity of the Bankruptcy Court with the proceedings). Neither party, however, argues that there are forum shopping concerns in this case, or that the legal or equitable nature of the claims counsels in favor of or against withdrawal.

### III. CONCLUSION

Pursuant to the factors in *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095,

1101 (2d Cir. 1993), as amended by *Stern v. Marshall*, 131 S.Ct. 2594 (2011), the motion to withdraw the reference is denied in order to allow the Bankruptcy Court to issue opinions on the pending motions. This denial is without prejudice to any motions to withdraw following the completion of discovery or a decision by the Bankruptcy Court on any motion for summary judgment. In re *Extended Stay, Inc.*, 466 B.R. at 205-06 ("[W]ithdrawing the reference is premature where discovery has not commenced and plaintiffs have not yet survived a motion to dismiss.").

Dated: July 12, 2012
      New York, New York

                                            ALISON J. NATHAN
                                            United States District Judge