MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 0 8 2013

## TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
----
(212) 594-5000
----
FACSIMILE
(212) 967-4258
----
INTERNET
eMail@TeamTogut.com

ALBERT TOGUT
FRANK A. OSWALD*
NEIL BERGER*
SCOTT E. RATNER*
SIDNEY SEGAL (1935–1968)
BERNARD SEGAL (1932–1983)
----
OF COUNSEL
RICHARD K. MILIN ◌
BRIAN F. MOORE*
STEVEN S. FLORES

DAVID M. SMITH
STEPHANIE A. SKELLY ◦
MICHAEL D. HAMERSKY
LARA R. SHEIKH
JONATHAN P. IBSEN ◦
ANTHONY F. PIRRAGLIA
SAMANTHA J. ROTHMAN
LAUREN R. LIFLAND
KATHRYN A. KEEN
SCOTT A. GRIFFIN ▽
IVY B. GREY**
DAVID A. PAUL
RICHARD M. GOLDMAN
LEO MUCHNIK

\* MEMBER NY AND NJ BAR
◦ MEMBER NY AND CT BAR
◌ MEMBER NY AND MA BAR
◇ MEMBER NY AND AZ BAR
▽ MEMBER NY, FL AND OH BAR
** MEMBER OR BAR ONLY

June 28, 2013

**VIA ELECTRONIC MAIL**
Honorable Alison J. Nathan
United States District Judge
United States District Court
500 Pearl Street, Room 615
New York, NY 10007

> This case having settled, and pursuant to the Court's order on July 12, 2012, denying the motion to withdraw bankruptcy reference, the Clerk of the Court is directed to close this matter.
> SO ORDERED.

Re: Togut v. Hilco Consumer Capital, L.P. *et al.*, 1:12-cv-00311 (AJN),
Adv. Pro. No. 11-02757 (MG)

Dear Judge Nathan:

On behalf of Albert Togut, Chapter 7 Trustee of Ellen Tracy, LLC (the "Trustee") we write in response to the Court's request for a status update regarding the above-referenced action (the "Adversary Proceeding"), dated June 26, 2013. The Adversary Proceeding has been settled, and the Bankruptcy Court approved the settlement by Order, dated March 4, 2013. A copy of the approval Order is enclosed. We apologize for not alerting Your Honor to the settlement promptly after its approval by the Bankruptcy Court.

**SO ORDERED:** 7/8/13

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

/s/ Steven S. Flores
Steven S. Flores

Enclosure

cc:    Robert Tiedemann, Esq. (*via* e-mail)
       Timothy E. Hoeffner, Esq. (*via* e-mail)
       (Counsel for Defendants)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| ELLEN TRACY, LLC, | : | |
| Debtor. | : | Case No. 09-14994 (MG) |

----------------------------------------------------------------------x

| | | |
|---|---|---|
| ALBERT TOGUT, as Chapter 7 Trustee | : | |
| of ELLEN TRACY, LLC, | : | Adv. Pro. No. 11-02757 |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| HILCO CONSUMER CAPITAL, L.P.; HILCO | : | |
| CONSUMER CAPITAL, LLC; CJ APPAREL GROUP, | : | |
| LLC; ETPH ACQUISITION, LLC; BRAND MATTER, | : | |
| LLC; WJ INVESTMENTS, LLC; FASHIONOLOGY | : | |
| GROUP, LLC; STUART JAMIESON; BARRY | : | |
| STERNLICHT; MATTHEW EBY; JAMES J. SALTER; | : | |
| JEFFREY B. HECKTMAN; KENNETH FINKELSTEIN; | : | |
| ISAAC BENITAH; KENNETH RAGLAND; | : | |
| MARVIN TRAUB; WILLIAM SWEEDLER; | : | |
| MARK MENDELSON; and JAMES AMMEEN, | : | |
| | : | |
| Defendants. | : | |

----------------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| ALBERT TOGUT, as Chapter 7 Trustee | : | |
| of ELLEN TRACY, LLC, | : | Adv. Pro. No. 10-03835 |
| | : | |
| Plaintiff, | : | |
| - against - | : | |
| | : | |
| WELLS FARGO TRADE CAPITAL SERVICES, | : | |
| INC. f/k/a WELLS FARGO CENTURY, INC.; | : | |
| and ISRAEL DISCOUNT BANK OF NEW | : | |
| YORK, | : | |
| | : | |
| Defendants. | : | |

----------------------------------------------------------------------x

## ORDER APPROVING SETTLEMENT AGREEMENT

Upon the motion (the "Motion")[1] of Albert Togut, the Chapter 7 Trustee (the "Trustee") for the estate of Ellen Tracy LLC ("Ellen Tracy", ET", or the "Debtor") for an order for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreement annexed hereto as Exhibit "A" (the "Settlement Agreement") among the Trustee, and (i) Wells Fargo Trade Capital Services, Inc. ("Wells");  (ii) Israel Discount Bank of New York ("IDB", and together with Wells, the "Bank Defendants");[2]  (iii) the Hilco Defendants;[3] and (iv) the Non-Hilco Defendants[4] (together with the Hilco Defendants, the "Non-Bank Defendants"[5], and together with the Bank Defendants, the "Defendants", and collectively with the Trustee, the "Parties"), all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein;  and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);  and venue being proper before

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[2]   The Bank Defendants are defendants in Adv. Pro. No. 10-03835 (the "Bank Action").

[3]   The "Hilco Defendants" are Hilco Consumer Capital, L.P. ("Hilco") and Hilco Consumer Capital, LLC ("HCC LLC").

[4]   The "Non-Hilco Defendants" are CJ Apparel Group, LLC ("CJAG");  ETPH Acquisition, LLC ("ETPH");  Brand Matter, LLC ("BM");  WJ Investments, LLC;  Fashionology Group, LLC ("Fashionology");  Stuart Jamieson ("Jamieson");  Barry Sternlicht;  Matthew Eby;  James J. Salter;  Jeffrey B. Hecktman;  Kenneth Finklestein;  Isaac Benitah;  Kenneth Ragland;  Marvin Traub;  William Sweedler ("Sweedler");  James Ammeen;  and Mark Mendelson.

[5]   The Non-Bank Defendants are defendants in Adv. Pro. No. 11-02757 (the "D&O Action" and collectively with the Bank Action, the "Actions").

the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion having been given, and no other or further notice needing to be provided; and

the relief requested in the Motion being in the best interests of the Debtors, their estates,

and all parties in interest; and the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein and after

due deliberation and sufficient cause appearing therefore, IT IS HEREBY

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that, the above-captioned adversary proceedings are settled

pursuant to the terms of the Settlement Agreement, and the Settlement Agreement is

approved; and it is further

ORDERED that, the Trustee is authorized to take any and all actions to

implement the Settlement Agreement; and it is further

ORDERED that the terms and conditions of this Order shall be

immediately effective and enforceable upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all

matters arising from or related to the interpretation and implementation of this Order.


Dated:  March 4, 2013                           ____/s/Martin Glenn_____
        New York, New York                       MARTIN GLENN
                                                 United States Bankruptcy Judge

3

# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is entered into, subject to Bankruptcy Court approval, on this ___ day of January 2013 by and among Albert Togut, solely in his capacity as Chapter 7 trustee (the "Trustee") of the estate (the "Estate") of debtor Ellen Tracy, LLC ("Ellen Tracy" or the "Debtor"), Wells Fargo Trade Capital Services, Inc. ("Wells Fargo"), Israel Discount Bank of New York ("IDB"), the "Hilco Defendants"[1] and the "Non-Hilco Defendants."[2] The Trustee, the Hilco Defendants, the Non-Hilco Defendants, Wells Fargo and IDB are each individually referred to herein as a "Party" and collectively as the "Parties."

## RECITALS

**WHEREAS**, Ellen Tracy is the debtor in a chapter 7 bankruptcy proceeding commenced on August 14, 2009 (the "Petition Date") by the filing of an involuntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 09-14994 (MG) (the "Bankruptcy Proceeding");

**WHEREAS**, the Bankruptcy Court's Order for Relief with respect to the Debtor was entered on October 6, 2009;

**WHEREAS**, the Trustee was appointed by Notice dated October 07, 2012;

**WHEREAS**, following the first meeting of creditors under section 341(a) of the Bankruptcy Code, the Trustee continues to serve as the Trustee administering this case;

**WHEREAS**, on October 13, 2009, Brand Matter LLC filed claim No. 8 against the Debtor (the "Brand Matter Claim");

**WHEREAS**, on January 12, 2010, Wells Fargo filed claim No. 54 against the Debtor (the "Wells Fargo Claim");

**WHEREAS**, on October 6, 2010, the Trustee commenced Adversary Proceeding No. 10-03835 (the "Bank Adversary Proceeding") by filing a complaint (the "Bank Complaint") against Wells Fargo and IDB (together, the "Bank Defendants"), arising out of certain revolving loan facilities provided by the Bank Defendants to Ellen Tracy and other entities (the "Loan Facilities");

---

[1]   The "Hilco Defendants" are Hilco Consumer Capital, L.P. and Hilco Consumer Capital, LLC.

[2]   The "Non-Hilco Defendants" are CJ Apparel Group, LLC; ETPH Acquisition, LLC; Brand Matter, LLC; WJ Investments, LLC; Fashionology Group, LLC; Stuart Jamieson; Barry Sternlicht; Matthew Eby; James J. Salter; Jeffrey B. Hecktman; Kenneth Finklestein; Isaac Benitah; Kenneth Ragland; Marvin Traub; William Sweedler; James Ammeen; and Mark Mendelson.

**WHEREAS**, on October 5, 2011, the Trustee commenced Adversary Proceeding No. 11-02757 (the "D&O Adversary Proceeding") by filing a complaint (the "D&O Complaint") against the Hilco Defendants and the Non-Hilco Defendants (together, the "D&O Defendants" and with the Bank Defendants, the "Defendants") arising out of certain management decisions the D&O Defendants made with respect to Ellen Tracy prior to its bankruptcy, including allegations concerning the allocation and use of revenues and borrowings between the various Non-Hilco Defendants (the "D&O Claims");

**WHEREAS**, the Bank Defendants each answered the Bank Complaint, denied the allegations contained therein, and asserted affirmative defenses;

**WHEREAS**, the D&O Defendants each filed motions to dismiss the complaint, the Trustee opposed the motions to dismiss, and the motions are now *sub judice*;

**WHEREAS**, the D&O Defendants deny the allegations of the D&O Complaint, including without limitation all allegations of wrongdoing and/or liability, and do not waive, and expressly reserve, any and all rights, claims, arguments and defenses with respect thereto;

**WHEREAS**, pursuant to an Order of the Bankruptcy Court dated July 31, 2012, the Parties submitted their disputes to mediation;

**WHEREAS**, the Parties have conferred in good faith with the assistance of a mediator, Richard Toder, Esq., who was appointed by the Bankruptcy Court;

**WHEREAS**, the Parties wish to resolve both the Bank Adversary Proceeding and the D&O Adversary Proceeding (the "Adversary Proceedings") without the costs and delays of further litigation;

**WHEREAS,** the Bank Defendants and the D&O Defendants have separately and independently negotiated an amicable resolution with the Trustee of the respective Bank Adversary Proceeding and the D&O Adversary Proceeding upon separate and independent terms and consideration;

**NOW, THEREFORE**, in consideration of the covenants, conditions, promises and releases contained herein, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## ARTICLE I.

### EXECUTION OF THE AGREEMENT,
### THE APPLICATION FOR APPROVAL, AND DISMISSAL WITH PREJUDICE

(a)    Within five (5) business days after the execution of this Settlement Agreement by the last of the Trustee, Wells Fargo, and IDB, counsel for the Trustee will, subject to subsection (c) below, make a motion to the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bank Adversary Settlement Motion") for entry of an order approving this Settlement Agreement as to the Bank Defendants and the Bank Adversary Proceeding and for dismissal of the Bank Adversary Proceeding with prejudice (the

1

"Bank Adversary Settlement Order") in substantially the form attached hereto in Exhibit "A". The Bank Adversary Settlement Motion shall be in form and substance reasonably acceptable to the Bank Defendants. This Settlement Agreement shall be of no force or effect as to the Bank Defendants unless and until entry of a final and non-appealable Bank Adversary Settlement Order approving this Settlement Agreement in its entirety as to the Bank Adversary Proceeding and the Bank Defendants.

(b)     Within five (5) business days after the execution of this Settlement Agreement by the last of the Trustee, the Hilco Defendants and the Non-Hilco Defendants, counsel for the Trustee will, subject to subsection (c) below, make a motion to the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "D&O Adversary Settlement Motion") for entry of an order approving this Settlement Agreement as to the Hilco Defendants, the Non-Hilco Defendants and the D&O Adversary Proceeding and for dismissal of the D&O Adversary Proceeding with prejudice (the "D&O Settlement Order") in substantially the form attached hereto in Exhibit "B". The D&O Settlement Motion shall be in form and substance reasonably acceptable to the D&O Defendants. This Settlement Agreement shall be of no force or effect as to the Trustee and the D&O Defendants unless and until entry of a final and non-appealable D&O Settlement Order approving this Settlement Agreement in its entirety as to the D&O Adversary Proceeding and the D&O Defendants.

(c)     Notwithstanding the foregoing, the Trustee may, in his sole discretion, elect to file one motion pursuant to Bankruptcy Rule 9019 to obtain Bankruptcy Court approval of this Settlement Agreement. The Defendants agree to reasonably cooperate with the Trustee in connection with obtaining Bankruptcy Court approval of this Settlement Agreement.

## ARTICLE II.

### PAYMENT OF THE SETTLEMENT AMOUNT

(a)     On or before the fourteenth day after the Bank Adversary Settlement Order is final and non-appealable: (i) Wells Fargo shall pay to the Trustee the sum of six hundred thousand dollars ($600,000) (the "Wells Fargo Settlement Amount"); and (ii) IDB shall pay to the Trustee the sum of one hundred fifty thousand dollars ($150,000) (the "IDB Settlement Amount"). Wells Fargo shall pay the Wells Fargo Settlement Amount and IDB shall pay the IDB Settlement Amount to the Trustee via wire transfer, in immediately available funds, as follows:

| | |
|---|---|
| Bank name: | Union Bank |
| ABA#: | 122000496 |
| Account #: | 2131680312 |
| Swift: | TBD |
| f/b/o: | TBD |

(b)     On or before the fourteenth day after the D&O Adversary Settlement Order is final and non-appealable, the D&O Defendants shall pay to the Trustee the combined

2

sum of two million eight hundred fifty thousand dollars ($2,850,000) (the "D&O Settlement Amount"). The D&O Defendants shall pay the D&O Settlement Amount via wire transfer, in immediately available funds, as follows:

| | |
|---|---|
| Bank name: | Union Bank |
| ABA#: | 122000496 |
| Account #: | 2131680312 |
| Swift: | TBD |
| f/b/o: | TBD |

(c)     The Wells Fargo Settlement Amount and the IDB Settlement Amount shall be consideration for the settlement of the Bank Adversary Proceeding alone, and the payment or non-payment of the Wells Fargo Settlement Amount and the IDB Settlement Amount shall have no effect on the timing and/or effectiveness of the separate settlement of the D&O Adversary Proceeding, subject to the terms of this Settlement Agreement.

(d)     The D&O Settlement Amount shall be consideration for the settlement of the D&O Adversary Proceeding alone, and the payment or non-payment of the D&O Settlement Amount shall have no effect on the timing and/or effectiveness of the separate settlement of the Bank Adversary Proceeding, subject to the terms of this Settlement Agreement.

(e)     Each Party's Settlement Amount as specified in this Article, once it has been paid and received in full, shall be in full satisfaction of all of the Estate's claims against that Party as set forth below.

(f)     The date of Wells Fargo's payment of the Wells Fargo Settlement Amount to the Trustee shall be the "Wells Fargo Effective Date," the date of IDB's payment of the IDB Settlement Amount to the Trustee shall be the "IDB Effective Date," and the date of the D&O Defendants' payment of the D&O Settlement Amount to the Trustee shall be the "D&O Effective Date." The Hilco Defendants and Non-Hilco Defendants have agreed separately as to the specific allocation of the payment obligations under this agreement, and shall be responsible solely for those amounts. The Trustee, Hilco Defendants and Non-Hilco Defendants agree to keep the allocation of payment obligations confidential. If the Hilco Defendants and Non-Hilco Defendants do not pay their respective shares of the D&O Settlement Amount on the same date, the D&O Effective Date shall be the later of their respective payment dates. For purposes of this paragraph, the payment date shall be the date on which the Trustee has received a wire transfer, in immediately available funds, of the Party's full Settlement Amount.

## ARTICLE III.

## RELEASES

(a)     <u>Release by the Trustee Releasing Parties of the Wells Fargo and IDB Released Parties.</u> Except for the obligations set forth in this Settlement Agreement, upon the Wells Fargo Effective Date, the IDB Effective Date and the dismissal of the Bank Adversary

3

Proceeding, the Trustee, on behalf of himself, the Estate and the Debtor (collectively, the "Trustee Releasing Parties") hereby releases and discharges each of Wells Fargo and IDB and their respective parents, affiliates, subsidiaries and other related entities, and their respective predecessors, successors, assigns, officers, directors, agents, employees, shareholders, advisors, representatives, and attorneys (collectively, the "Wells Fargo/IDB Released Parties") from any and all past, present and future actions, causes of action, suits, debts, liens, contracts, rights, agreements, obligations, promises, liabilities, claims, counterclaims, demands, damages, controversies, losses, costs and expenses (including attorneys' fees and costs actually incurred) of any kind, character, description or nature whatsoever, known or unknown to any of the Parties, suspected or unsuspected, reported or unreported, fixed or contingent, which any of the Trustee Releasing Parties now have, own or hold or claim to have had, owned or held, or may now or hereafter have, own, or hold or claim to have, own, or hold, against any of the Wells Fargo/IDB Released Parties, arising directly or indirectly out of, based upon, or in any way related to or in connection with the Bank Adversary Proceeding, the Loan Facilities, the Estate and/or the Debtor, whether grounded in law or equity, or sounding in tort or contract or otherwise.

(b)    Release by the Trustee Releasing Parties of the Hilco and Non-Hilco Released Parties. Except for the obligations set forth in this Settlement Agreement, upon the D&O Effective Date, the Trustee, on behalf of himself and the Trustee Releasing Parties, hereby releases and discharges each of the Hilco and Non-Hilco Defendants and their respective parents, affiliates, subsidiaries and other related entities, and their respective predecessors, successors, assigns, officers, directors, agents, employees, shareholders, representatives, attorneys, advisors and any other representatives (collectively, the "Hilco/Non-Hilco Released Parties") from any and all past, present and future actions, causes of action, suits, debts, liens, contracts, rights, agreements, obligations, promises, liabilities, claims, counterclaims, demands, damages, controversies, losses, costs and expenses (including attorneys' fees and costs actually incurred) of any kind, character, description or nature whatsoever, known or unknown to any of the Parties, suspected or unsuspected, reported or unreported, fixed or contingent, which any of the Trustee Releasing Parties now have, own or hold or claim to have had, owned or held, or may now or hereafter have, own, or hold or claim to have, own, or hold, against any of the Hilco/Non-Hilco Released Parties, arising directly or indirectly out of, based upon, or in any way related to or in connection with the D&O Adversary Proceeding, the allegations of the D&O Complaint (including as amended), the D&O Claims, the Loan Facilities, the Estate and/or the Debtor, whether grounded in law or equity, or sounding in tort or contract or otherwise.

(c)    Release by the Wells Fargo/IDB Released Parties of the Trustee Released Parties and Each Other. Except for the obligations set forth in this Settlement Agreement, upon the Wells Fargo Effective Date, the IDB Effective Date and the dismissal of the Bank Adversary Proceeding, the Wells Fargo/IDB Released Parties hereby irrevocably and unconditionally release and forever discharge each other, the Trustee, the Trustee Releasing Parties, their respective parents, affiliates, subsidiaries and other related entities, and their respective predecessors, successors, assigns, officers, directors, agents, employees, shareholders, representatives, attorneys and other professional advisors (other than the Wells Fargo/IDB Released Parties, collectively, the "Trustee Released Parties"), from any and all past, present and future actions, causes of action, suits, debts, liens, contracts, rights, agreements, obligations, promises, liabilities, claims, counterclaims, demands, damages, controversies, losses, costs and

4

expenses (including attorneys' fees and costs actually incurred) of any kind, character, description or nature whatsoever, known or unknown to any of the Parties, suspected or unsuspected, reported or unreported, fixed or contingent, which any of the Wells Fargo/IDB Released Parties now have, own, or hold or claim to have had, owned, or held, or may now or hereafter have, own, or hold or claim to have, own, or hold, against each other, the Trustee or the Trustee Released Parties, arising directly or indirectly out of, based upon, or in any way related to or in connection with the Bank Adversary Proceeding the Loan Facilities, the Estate and/or the Debtor, whether grounded in law or equity, or sounding in tort or contract or otherwise.

(d)    Release by the Hilco/Non-Hilco Released Parties of the Trustee Released Parties. Except for the obligations set forth in this Settlement Agreement, upon the D&O Effective Date and the dismissal of the D&O Adversary Proceeding, the Hilco/Non-Hilco Released Parties hereby irrevocably and unconditionally release and forever discharge the Trustee and the Trustee Released Parties from any and all past, present and future actions, causes of action, suits, debts, liens, contracts, rights, agreements, obligations, promises, liabilities, claims, counterclaims, demands, damages, controversies, losses, costs and expenses (including attorneys' fees and costs actually incurred) of any kind, character, description or nature whatsoever, known or unknown to any of the Parties, suspected or unsuspected, reported or unreported, fixed or contingent, which any of the Hilco/Non-Hilco Released Parties now have, own, or hold or claim to have had, owned, or held, or may now or hereafter have, own, or hold or claim to have, own, or hold, against the Trustee and/or the Trustee Released Parties arising directly or indirectly out of, based upon, or in any way related to or in connection with the D&O Adversary Proceeding, the Loan Facilities, the Estate and/or the Debtor, whether grounded in law or equity, or sounding in tort or contract or otherwise.

(e)    Expungement of the Brand Matter Claim and the Wells Fargo Claims : As of the D&O Effective Date, the Brand Matter Claim shall be deemed to have been withdrawn and shall be disallowed and expunged in its entirety with prejudice. As of the later of the Wells Fargo Effective Date and the IDB Effective Date, the Wells Fargo Claim shall be deemed to have been withdrawn and shall be disallowed, and expunged in its entirety with prejudice. The Defendants further agree that no additional proofs of claim will be filed by them, or on their behalf, in this Bankruptcy Case, including any claim pursuant to section 502(h) of the Bankruptcy Code.

(f)    Defendants' Mutual Release: Except for the obligations set forth in this Settlement Agreement, as of the occurrence of all of (i) the Wells Fargo Effective Date, (ii) the IDB Effective Date, (iii) the D&O Effective Date and (iv) the dismissal of the Adversary Proceedings, each of the Wells Fargo/IDB Released Parties and the Hilco/Non-Hilco Released Parties hereby irrevocably and unconditionally releases and forever discharges each of the other Wells Fargo/IDB Released Parties and Hilco/Non-Hilco Released Parties (collectively, the "Defendants Released Parties") from any and all past, present and future actions, causes of action, suits, debts, liens, contracts, rights, agreements, obligations, promises, liabilities, claims, counterclaims, demands, damages, controversies, losses, costs and expenses (including attorneys' fees and costs actually incurred) of any kind, character, description or nature whatsoever, known or unknown to any of the Parties, suspected or unsuspected, reported or unreported, fixed or contingent, which any of the Wells Fargo/IDB Released Parties or the Hilco/Non-Hilco Released Parties now has, owns, or holds or claims to have had, owned, or

5

held, or may now or hereafter have, own, or hold or claim to have, own, or hold, against any of the other Wells Fargo/IDB Released Parties or the Hilco/Non-Hilco Released Parties, arising directly or indirectly out of, based upon, or in any way related to or in connection with Adversary Proceedings, the allegations of the D&O Complaint (as amended), the D&O Claims, the Loan Facilities, the Estate and/or the Debtor, whether grounded in law or equity, or sounding in tort or contract or otherwise.

## ARTICLE IV.

## REPRESENTATIONS AND WARRANTIES

Each Party warrants and represents to each other Party that:

(a)    the Party is authorized to enter into this Settlement Agreement and, to the extent the Party is acting in a representative capacity herein, the Party is executing this Settlement Agreement on behalf of those persons and entities whom the Party represents. Thus:

(i)    To the fullest extent permitted by law, the Trustee enters into this Settlement Agreement on behalf of the Trustee Releasing Parties.

(ii)    To the extent permitted by law, the D&O Defendants enter into this Settlement Agreement on behalf of the Hilco/Non-Hilco Released Parties; and

(iii)    To the extent permitted by law, Wells Fargo and IDB enter into this Settlement Agreement on behalf of the applicable Wells Fargo/IDB Released Parties.

(b)    the person executing this Settlement Agreement on each Party's behalf has the authority to do so, and this Settlement Agreement has been duly and validly executed by such person;

(c)    the Party has conferred, or has had the opportunity to confer, with legal counsel of its choosing regarding its decision to enter into this Settlement Agreement;

(d)    this Settlement Agreement constitutes the valid and binding obligation of the Party and is enforceable according to its terms;

(e)    on or before each Party's Effective Date, any necessary authorizations, consents, and approvals of regulatory or governmental entities with regulatory jurisdiction over the Party shall have been obtained to make this Settlement Agreement valid and binding upon it; and

(f)    there are no pending or existing agreements, transactions, or negotiations to which any Party is a party that would render this Settlement Agreement, or any part thereof, void, voidable, or unenforceable.

6

(g)    From the date of this Settlement Agreement, through the Effective Dates described herein, each Defendant hereby represents that it will not file any claim, action, or cause of action whatsoever against the Debtor or any of the Trustee Released Parties with respect to any of the claims being released herein.

(h)    From the date of this Settlement Agreement, through the Effective Dates described herein, the Trustee hereby represents that it will not file any claim, action, or cause of action whatsoever against any of the released parties with respect to any of the claims being released herein.

## ARTICLE V.

## REMEDIES IN THE EVENT OF BREACH OF THIS SETTLEMENT AGREEMENT

(a)    In the event that any of IDB, Wells Fargo, or the D&O Defendants fails to make its respective Settlement Payment when due, the Trustee shall have the right to seek a judgment or order from the Bankruptcy Court or any other Court of competent jurisdiction to require or compel: (i) the Hilco Defendants and/or the Non-Hilco Defendants to pay any unpaid portion of the D&O Settlement Amount as allocated in such Defendants' separate side agreement; (ii) Wells Fargo to pay any unpaid portion of the Wells Fargo Settlement Amount; or (iii) IDB to pay any unpaid portion of the IDB Settlement Amount. Further, except as provided for herein, the Trustee shall have no recourse against any Defendant for a Settlement Payment due from any other Defendant.

(b)    The prevailing Party in any action alleging or arising from a breach of this Settlement Agreement, including any action by the Trustee seeking a remedy for failure to pay sums due or any action seeking to compel compliance with this Settlement Agreement, shall be entitled to recover its reasonable costs, expenses and attorneys' fees from the Party determined by the court in which the action has been brought to have to fulfill its obligations under this Settlement Agreement.

## ARTICLE VI.

## MISCELLANEOUS

(a)    This Settlement Agreement sets forth a compromise made for the express purpose of avoiding the expenses of litigation and shall never at any time for any purpose be considered as an admission of liability, dishonesty, wrongdoing, negligence, or responsibility on the part of any Party hereto, and shall not in any event be construed as or be deemed to be an admission or concession on the part of any party hereto of any liability or wrongdoing of any nature.

(b)    This Settlement Agreement and its terms shall not be offered or received in evidence and shall not be admissible in any form in any action or proceeding in any court or tribunal (other than an action to enforce the terms hereof) or used, publicized or disclosed in any manner as an admission, concession or evidence of any liability or wrongdoing of any nature by any party hereto.

7

       (c)     The Parties' execution and delivery of this Settlement Agreement is not based upon reliance upon any representation, understanding or agreement that is not expressly set forth herein.

       (d)     This Settlement Agreement is only between the Parties, and there are no intended third-party beneficiaries of this Settlement Agreement, except to the extent expressly set forth herein.

       (e)     This Settlement Agreement sets forth the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements or understandings between them pertaining to the subject matter hereof.

       (f)     This Settlement Agreement may not be amended, altered, supplemented or modified, except by written agreement signed by the Parties.

       (g)     If any of the provisions of this Settlement Agreement are held to be invalid or unenforceable after the Bankruptcy Court has approved the Trustee's entry into the Settlement Agreement, all other provisions shall continue in full force and effect.

       (h)     This Settlement Agreement may be executed and delivered in multiple counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute but one and the same instrument and agreement. A facsimile or PDF copy of a signature shall have the same force and effect as an original signature.

       (i)     This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made and to be executed within the State and without regard to principles of conflicts of law or choice of law.

       (j)     The Parties hereby submit to the exclusive jurisdiction of the Bankruptcy Court to adjudicate all disputes arising out of or in connection with this Agreement.

       (k)     The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Settlement Agreement.

       (l)     For all purposes this Settlement Agreement shall be deemed to have been drafted jointly by the Parties.

NEWYORK 8688502 v3 (2K)

(m)   Any and all notices required under this Settlement Agreement shall be sent as follows:

| **To the Trustee** | **With a copy to:** |

Albert Togut, Chapter 7 Trustee
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
 Tel: (212) 594-5000

Frank A. Oswald, Esq.
Richard K. Milin, Esq.
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
 Tel: (212) 594-5000
  Email:  frankoswald@teamtogut.com
      rmilin@teamtogut.com

*Attorneys for the Trustee*

**To Wells Fargo:**   **With a copy to:**

Alexander J. Chobot
WELLS FARGO TRADE CAPITAL
    SERVICES, INC.
100 Park Avenue, 3rd Floor
New York, New York 10017

Richard G. Haddad, Esq.
OTTERBOURG, STEINDLER,
    HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
 Tel:  (212) 661-9100
  Email:  rhaddad@oshr.com

*Attorneys for Wells Fargo Trade Capital Services, Inc.*

**To Israel Discount Bank of New York:**   **With a copy to:**

Melissa Chernofsky, Esq.
ISRAEL DISCOUNT BANK of NEW YORK
511 Fifth Avenue
New York, New York 10017
Email:  mchernofsky@idbny.com

Ronald S. Beacher, Esq.
PRYOR CASHMAN, LLP
7 Times Square
New York, New York 10036
 Tel: (212) 326-0148
  Email: rbeacher@pryorcashman.com

*Attorneys for Israel Discount Bank of New York*

9

**To Hilco Defendants:**

Eric W. Kaup
General Counsel & Executive Vice-President
Hilco Trading, LLC
5 Revere Drive, Suite 206
Northbrook, Illinois 60062
(847) 849-2966 (w)

**With a copy to:**

Gregg Galardi, Esq.
Timothy E. Hoeffner, Esq.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
  Tel: (212) 335-4500

*Attorneys for Hilco Defendants*

**To Non-Hilco Defendants:**
William Sweedler
Tengram Capital Partners, LLC
15 Riverside Avenue
Westport, Connecticut  06880
  Tel:  (203) 454-6999

**With a copy to:**

Glenn M. Kurtz
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
  Tel:  (212) 819-8200

*Attorneys for Non-Hilco Defendants*

    **IN WITNESS WHEREOF,** the Parties have executed this Agreement by their
respective authorized officers as of the day and year set forth in the Preamble.

## [signature pages to follow]

NEWYORK 8688502 v3 (2K)

ALBERT TOGUT, SOLELY AS TRUSTEE OF THE CHAPTER 7 ESTATE OF DEBTOR
ELLEN TRACY, LLC

By his counsel,
TOGUT, SEGAL & SEGAL LLP
By:


/s/ Frank A. Oswald_____
FRANK A. OSWALD

11

**WELLS FARGO TRADE CAPITAL SERVICES, INC.**

By: _____

Alexander J. Chobot
Senior Vice President


STATE OF _____ )
                       )    ss.:
COUNTY OF _____ )

    Before me on this day personally appeared *Alexander Chobot*, known to me, who, being by me duly sworn, did depose and say that he resides in _____, that he is the _*Sr. V.P.*_ of Wells Fargo Trade Capital Services, Inc. f/k/a Wells Fargo Century, Inc., the corporation described in and which executed the above instrument, and that he signed his name thereto by authority of the board of directors of said corporation.


Sworn to before me this
_15th_ day of *January* 2013

_____
Notary Public


NATALINA COCO
Notary Public, State of New York
No. 01CO6093279
Qualified in Kings County
Commission Expires June 2, 20__

12

NEWYORK 8688502 v3 (2K)

ISRAEL DISCOUNT BANK OF NEW YORK

By: _Leslie K. Case_____

Title: _General Counsel_____


ISRAEL DISCOUNT BANK OF NEW YORK

By: _____

Title: _____
       HOWARD WEINBERG
       FIRST SENIOR VICE PRESIDENT


STATE OF _New York_ )
                )   ss.:
COUNTY OF _New York_ )

Before me on this day personally appeared _Leslie Case_, known to me, who, being by me duly sworn, did depose and say that he/she resides in _New York_, that he/she is the _General Counsel_ of Israel Discount Bank of New York, the corporation described in and which executed the above instrument, and that he/she signed his name thereto by authority of the board of directors of said corporation.


Sworn to before me this
_23rd_ day of _January_ 2013

_____
Notary Public

       Melissa R. Chernofsky
    Notary Public, State of New York
       No. 02CH6230129
     Qualified in Kings County
   Commission Expires Nov. 1, 20_14_

STATE OF _New York_ )
                )   ss.:
COUNTY OF _New York_ )

Before me on this day personally appeared _Howard Weinberg_ known to me, who, being by me duly sworn, did depose and say that he/she resides in _New York_ that he/she is the _First Senior Vice President_ of Israel Discount Bank of New York, the corporation described in and which executed the above instrument, and that he/she signed his name thereto by authority of the board of directors of said corporation.


Sworn to before me this
_23rd_ day of _January_ 2013

_____
Notary Public

       Melissa R. Chernofsky
    Notary Public, State of New York
       No. 02CH6230129
     Qualified in Kings County
   Commission Expires Nov. 1, 20_14_

13

NEWYORK 3688502 v3 (2K)

HILCO CONSUMER CAPITAL, L.P. and HILCO CONSUMER CAPITAL, LLC

By: _____
        Eric W. Kaup


STATE OF ILLINOIS        )
                                      )    ss.:
COUNTY OF COOK        )

Before me on this day personally appeared Eric W. Kaup, known to me, who, being by me duly sworn, did depose and say that he resides in Wilmette, Illinois, that he is the Executive Vice President and General Counsel of Hilco Trading, LLC, the managing partner of Hilco Consumer Capital, L.P. and the managing member of Hilco Consumer Capital, LLC, and that he executed the above instrument, and that he signed his name thereto on behalf of and by authority of the members and board of directors of the said companies.


Sworn to before me this
21st day of January, 2013

_____
Notary Public

S MELUCH
OFFICIAL SEAL
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES
AUGUST 28, 2013

14

CJ APPAREL GROUP, LLC; ETPH ACQUISITION, LLC; BRAND MATTER, LLC;
WJ INVESTMENTS, LLC; FASHIONOLOGY GROUP, LLC; STUART JAMIESON;
BARRY STERNLICHT; MATTHEW EBY; JAMES J. SALTER; JEFFREY B.
HECKTMAN; KENNETH FINKELSTEIN; ISAAC BENITAH; KENNETH RAGLAND;
MARVIN TRAUB; WILLIAM SWEEDLER; JAMES AMEEN and MARK
MENDELSON

By: _____
    Jeffrey B. Hecktman


STATE OF ILLINOIS        )
                         )    ss.:
COUNTY OF COOK           )

    Before me on this day personally appeared Jeffrey B. Hecktman, known to me, who,
being by me duly sworn, did depose and say that he resides in Highland Park, Illinois, and that
he executed the above instrument.


Sworn to before me this
21st day of January, 2013

_____
Notary Public

[Notary seal: NOTARY PUBLIC OFFICIAL SEAL STATE OF ILLINOIS — S MELUCH MY COMMISSION EXPIRES AUGUST 26, 2013]


15

CJ APPAREL GROUP, LLC; ETPH ACQUISITION, LLC; BRAND MATTER, LLC; WJ INVESTMENTS, LLC; FASHIONOLOGY GROUP, LLC; STUART JAMIESON; BARRY STERNLICHT; MATTHEW EBY; JAMES J. SALTER; JEFFREY B. HECKTMAN; KENNETH FINKELSTEIN; ISAAC BENITAH; KENNETH RAGLAND; MARVIN TRAUB; WILLIAM SWEEDLER; JAMES AMEEN and MARK MENDELSON

By: _____

STATE OF _____CT_____ )
                                                    )    ss.:
COUNTY OF _Fairfield_ )

    Before me on this day personally appeared William Sweedler known to me, who, being by me duly sworn, did depose and say that he resides in Westport, CT , and that he is the _Chairman_ of CJ Apparel Group, LLC; the _Chairman_ of ETPH Acquisition, LLC; the _Chairman_ of Brand Matter, LLC; the _Chairman_ of WJ Investments, LLC; the _Chairman_ of Fashionology Group, LLC; and that he executed the above instrument, and that he signed his name thereto on behalf of and by authority of the board of directors of the said companies.

Sworn to before me this
_10_ day of January 2013

Shannon O Grandureco
Notary Public
    My commission expires July 31, 2016

15